UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES DEPARTMENT          CIVIL ACTION NO. 6:20-cv-00635
OF LABOR

VERSUS                            JUDGE JUNEAU

DUANE'S CRAWFISH FARMS, INC.      MAGISTRATE JUDGE HANNA
AND DUANE SMITH

## REPORT AND RECOMMENDATIONS

Pending is the motion to dismiss, under Fed. R. Civ. P. 12(b)(6), which was filed by the defendants, Duane's Crawfish Farms, Inc. and Duane Smith.  (Rec. Doc. 15).  The motion is opposed.  The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be denied.

## Background

This lawsuit was brought by Eugene Scalia, Secretary of Labor, United States Department of Labor against Duane's Crawfish Farms, Inc. and Duane Smith, seeking to enjoin the defendants from violating certain provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and also seeking the recovery of damages for violations of the FLSA.

In its original complaint, the Department of Labor alleged that the defendants failed to properly pay overtime compensation to five of their employees.  The defendants responded with a motion to dismiss for failure to state a valid claim and an alternative motion for more definite statement.  (Rec. Doc. 10).  The Department of Labor filed an amended complaint (Rec. Doc. 12), then filed a response to the alternative motions, arguing that the motions were mooted by the amended complaint.  The defendants concurred in that assessment, and the motions were denied as moot.  (Rec. Doc. 14).

The defendants then filed another motion to dismiss.  (Rec. Doc. 15).  In support of the new motion, the defendants made two arguments that they had previously made:  (a) that the defendants' employees are exempt from the FLSA's overtime wage requirements because they are crawfishermen; and (b) that Duane Smith, individually, is not an employer under the FLSA.  The Department of Labor opposed the motion, and it is now ripe for resolution.

## Law and Analysis

### A.   The Standard for Evaluating a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests whether the complaint states a legally cognizable claim.  Rule 12(b)(6) motions are viewed with disfavor

and rarely granted.[1]  When considering such a motion, the district court must limit itself to the contents of the pleadings, including any attachments thereto,[2] accept all well-pleaded facts as true, and view the facts in a light most favorable to the plaintiff.[3]  Conclusory allegations, unwarranted deductions of fact, and legal conclusions couched as factual allegations are not accepted as true.[4]

To survive a Rule 12(b)(6) motion, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[5]  A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[7]

---

[1]     *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[2]     *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3]     *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4]     *Collins v. Morgan Stanley*, 224 F.3d at 498; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[5]     *Hammer v. Equifax Information Services, L.L.C.*, 974 F.3d 564, 567 (5th Cir. 2020) (citing *Bell Atlantic v. Twombly*, 550 U.S. at 570).

[6]     *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678).

[7]     *Bell Atlantic v. Twombly*, 550 U.S. at 570.

Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[8]

## B.   The Facts Alleged in the Amended Complaint are Sufficient to State a Claim under Rule 12(b)(6)

The FLSA generally requires an employer to compensate its employees who are covered by the statute at the rate of at least one and one-half times their normal rate of pay for hours worked in excess of forty hours per week.[9]  The general rule is subject to certain statutory exceptions.[10]  In this case, the Department of Labor alleged that the defendants violated the FLSA by failing to pay overtime compensation to five of their employees.  The defendants argued, in support of their motion to dismiss, that their employees are exempt from the overtime provisions of the FLSA because they work as fishermen and that Duane Smith, individually, is not an employer under the FLSA.  For the following reasons, this Court finds that the Department of Labor has pleaded enough factual detail to state plausible claims against the defendants and to warrant denial of the motion to dismiss.

---

[8]     *Lormand v. US Unwired, Inc*., 565 F.3d 228, 257 (5th Cir. 2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. at 556).

[9]     29 U.S.C. § 207(a)(1).

[10]     29 U.S.C. § 213(a).

### (1)   Are the Employees Exempt from Overtime under the Fisherman Exemption?

Under the FLSA, an employee is entitled to overtime compensation unless the employer can prove that the employee falls within one of several statutory exemptions.[11]   An employer who claims that his employee is exempt from the applicability of the FLSA's overtime requirement has the burden of showing that the exemption applies.[12]   Although the ultimate determination of whether an employee qualifies for an exemption under the FLSA is a question of law,[13] that determination likely relies upon many underlying factual determinations.[14]   Thus, the inquiry into an employee's exempt status is "intensely factbound and case specific."[15]   FLSA exemptions are to be given a fair (rather than a narrow) interpretation.[16]   The

---

[11]     *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

[12]     29 C.F.R. § 783.21; *Meza v. Intelligent Mexican Mktg., Inc.*, 720 F.3d 577, 580-81 (5th Cir. 2013).

[13]     *Singer v. City of Waco, Texas*, 324 F.3d 813, 818 (5th Cir. 2003) (citing *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 331 (5th Cir. 2000)).

[14]     *Singer v. City of Waco, Texas*, 324 F.3d at 818 (citing *Smith v. City of Jackson, Miss.*, 954 F.2d 296, 298 (5th Cir. 1992)).

[15]     *Dalheim v. KDFW–TV*, 918 F.2d 1220, 1226 (5th Cir. 1990).

[16]     *Carley v. Crest Pumping Technologies, L.L.C.*, 890 F.3d 575, 579 (5th Cir. 2018) (citing *Encino Motorcars, LLC v. Navarro*, ___ U.S. ___, 138 S.Ct. 1134, 1142 (2018)).

application of an exemption is an affirmative defense on which the employer bears the burden of proof.[17]

Dismissal under Rule 12(b)(6) based on an affirmative defense is generally permissible only when the defense appears on the face of the complaint.[18]  In this case, however, the affirmative defense based on the claimed exemption from the overtime requirement is not facially apparent.

The defendants in this lawsuit argued that their employees are exempt from the overtime requirements of the FLSA because they are crawfishermen.  The overtime requirements of the FLSA do not apply to

> any employee employed in the catching, taking, propagating, harvesting, cultivating, or farming of any kind of fish, shellfish, crustacea, sponges, seaweeds, or other aquatic forms of animal and vegetable life, or in the first processing, canning or packing such marine products at sea as an incident to, or in conjunction with, such fishing operations, including the going to and returning from work and loading and unloading when performed by any such employee. . . .[19]

---

[17]   See *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017) (noting that administrative exemption under FLSA is an affirmative defense); *Talbert v. Am. Risk Ins. Co.*, 405 Fed. App'x 848, 851 (5th Cir. 2010) ("An exemption must be asserted as an affirmative defense to a claim under the FLSA") (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974)).

[18]   *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank*, 467 F.3d 466, 470 (5th Cir. 2006).

[19]   29 U.S.C. § 213(a)(5).

But if an employee performs both exempt work and nonexempt work in the same work week, the exemption does not apply unless the employee spends more than twenty percent of his time devoted to the nonexempt work.[20]

In this case, the Department of Labor alleged that the defendants' employees prepared crawfish ponds; prepared and cut up bait for traps; baited, repaired, and maintained traps; harvested the traps; engaged in the operation and minor maintenance of farm equipment; and weighed, tagged, and loaded crawfish obtained from other crawfish farming operations as well as from the defendants' operations into trucks to transport for sale.[21]   Because the Department of Labor expressly alleged that the employees harvest crawfish, and the harvesting of any kind of crustaceans is included in the statutory exemption, the Department of Labor alleged that the defendants' employees are fisherman who perform some tasks that are exempt under that statute.   But the Department of Labor also alleged that the defendants' employees perform other tasks during their typical work week, including the operation and maintenance of farm equipment, which does not fit within the activities covered by the statutory exemption.   Thus, this appears to be the type of situation in which both exempt and nonexempt duties are required of the defendants' employees.   The exemption will only apply if the employees are doing

---

[20]      29 CFR § 784.116.

[21]      Rec. Doc. 12 at 2.

7

tasks outside those listed in the statutory definition less than twenty percent of the time.  The Department of Labor did not allege how much of the employees' time is devoted to fishing tasks as opposed to non-fishing tasks.  Therefore, the employees' entitlement to the exemption is not apparent on the face of the complaint, and it would not be appropriate to dismiss the claim on the basis of the exemption.  To the contrary, the defendants have the burden of establishing that their employees are crawfishermen and consequently exempt from the FLSA's overtime provisions.  Doing so will require additional evidence regarding how much of each employee's time is actually spent on the tasks within the statutory definition and how much time is actually spent on other tasks.  Establishing that the exemption applies will require evidence that has not been submitted and will likely require discovery and additional factual development.  Certainly, any such evidence is beyond the four corners of the Department of Labor's complaint and consequently cannot be considered by this Court in deciding the pending motion.  Therefore, whether the fisherman exemption is applicable in this case is a topic better suited to a motion for summary judgment than the pending motion to dismiss.

Taking the factual allegations set forth in the amended complaint as true, it can be concluded that the defendants' employees engaged in both exempt tasks and nonexempt tasks, but there is no way of evaluating whether twenty percent or more of their time was spent in nonexempt work.  Accordingly, this Court cannot

determine whether the fisherman exemption applies.  This Court must therefore conclude that the Department of Labor has alleged a plausible claim for nonpayment of overtime wages.

### (2)     Is Duane Smith an Employer under the FLSA?

Only employers are bound by the requirements of the FLSA.[22]  The term "employer" is defined in the statute to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."[23]  Because the FLSA has a remedial purpose, the word "employer" is defined more broadly in that statute than in other contexts.[24]  An economic reality test is used to determine who is an employer under the FLSA.[25]  Under this test, a court must consider whether the alleged employer:  (1) had the power to hire and fire the employees, (2) supervised and controlled the employees' work schedules or conditions of employment, (3) determined the rate and method of the employees' pay, and (4) maintained employment records.[26]  "While each element need not be present in every case,

---

[22]     *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984) (citing 29 U.S.C. §§ 206-207).

[23]     29 U.S.C. § 203(d).

[24]     *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989).

[25]     *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012); *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010).

[26]     *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014); *Gray v. Powers*, 673 F.3d at 355; *Williams v. Henagan*, 595 F.3d at 620.

finding employer status when none of the factors is present would make the test meaningless."[27]  Thus, no single factor controls, but the final determination must be based on the totality of the circumstances.

The expansive definition of the term "employer" extends liability to individuals with managerial responsibilities and substantial control over the terms and conditions of the employee's work.[28]  Accordingly, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."[29]  Thus, a "shareholder, officer, or owner" who has operational control over employees may be liable under the FLSA.[30]  However, the Fifth Circuit has "decline[d] to adopt a rule that would potentially impose individual liability on all shareholders, members, and officers of entities that are employers under the FLSA based on their position rather than the economic reality of their involvement in the company."[31]

---

[27]    *Orozco v. Plackis*, 757 F.3d at 448 (quoting *Gray v. Powers*, 673 F.3d at 357).

[28]    *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 226 (5th Cir. 1991).

[29]    *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).  See also *Hernandez v. Larry Miller Roofing, Inc.*, 628 F. App'x 281, 284-85 (5th Cir. 2016).

[30]    *Gray v. Powers*, 673 F.3d at 355.

[31]    *Gray v. Powers*, 673 F.3d at 357.

The FLSA also permits an employee to be jointly employed by multiple employers.[32]  Joint employment may exist where the employee performs work that simultaneously benefits two or more employers or where one employer is acting directly or indirectly in the interest of the employer in relation to the employee.[33]  In this case, the Department of Labor alleged that both defendants are employers of the five relevant employees.  When there is more than one potential employer, as in this case, the Court "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test."[34]

In the amended complaint, the Department of Labor alleged that both Duane's Crawfish Farms, Inc. and Duane Smith, in his individual capacity, are the employers of the five relevant workers.  It is alleged that Mr. Smith is an officer in Duane's Crawfish Farms, Inc. and the 100% owner of that company; that he actively manages, supervises, and directs the business affairs and operations of the company; that he oversees payroll; that he oversees the harvesting, purchase, sale, and transportation of crawfish; that he maintains the company's payroll records; and that

---

[32]     29 C.F.R. § 791.2.

[33]     29 C.F. R. § 791.2(a).

[34]     *Gray v. Powers*, 673 F.3d at 355 (quoting *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990)).

he controls the conditions of the employees' employment.[35]  These allegations, taken as true, expressly satisfy two of the four elements of the economic reality test.  That is sufficient, at this stage of the litigation, to draw the reasonable inference that, as the owner of Duane's Crawfish Farms, Inc., Mr. Smith was an employer under the FLSA of the five individuals identified in the complaint as being his employees. While that conclusion might not stand up when tested with a well-supported motion for summary judgment, the allegations of the amended complaint adequately allege a plausible claim that Mr. Smith, in his individual capacity, meets the statutory definition of the term "employer."

## Conclusion

For the foregoing reasons, this Court recommends that the defendants' motion to dismiss (Rec. Doc. 15) should be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

---

[35]    Rec. Doc. 12 at 2.

12

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[36]

Signed at Lafayette, Louisiana, this  4th day of December 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[36]     See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).